UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSANNE ERDE and MICHAEL ERDE, as Parents and Natural Guardians of J.E., and SUSANNE ERDE and MICHAEL ERDE, Individually,<br><br>Plaintiffs,<br><br>-against-<br><br>RICHARD CARRANZA, in his official capacity as Chancellor of the New York City Department of Education, NEW YORK CITY DEPARTMENT OF EDUCATION, and NEW YORK STATE DEPARTMENT OF EDUCATION,<br><br>Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 20-CV-02181 |

*For the Plaintiff:*
RORY J. BELLANTONI
Brain Injury Rights Group, Ltd.
300 East 95th Street, #130
New York, NY 10128

*For the Defendant:*
PHILIP S. FRANK
New York City Law Department
100 Church Street, Ste 2-167
New York, NY 10007

**BLOCK, Senior District Judge:**

Plaintiffs Susanne Erde and Michael Erde, as parents and natural guardians of J.E. ("Plaintiffs"), bring this action pursuant to the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, against the New York City Department of Education ("DOE"), New York State Department of Education ("SED"), and DOE Chancellor Richard Carranza (collectively, "Defendants"). Plaintiffs seek reversal of the decision of State Review Officer Carol Hague, which denied Plaintiffs reimbursement for tuition, transportation, and other services for

1

J.E. for the 2018–19 school year. Plaintiffs have filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants oppose the motion and have filed a cross-motion for summary judgment. For the following reasons, Plaintiffs' motion is DENIED and Defendants' cross-motion is GRANTED.

## Statutory Framework

Congress enacted the IDEA "to ensure that all children with disabilities have available to them a free appropriate public education designed to meet their unique needs and to ensure that the rights of children with disabilities and parents of such children are protected." *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 223 (2d Cir. 2012) (cleaned up). The IDEA obliges states receiving federal funds to provide children with disabilities a free appropriate public education ("FAPE"), in conformity with an Individualized Education Program ("IEP"). *See* 20 U.S.C. §§ 1401(9), 1414(d).

An IEP "sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives." *D.D. ex rel. V.D. v. N.Y.C. Bd. of Educ.*, 465 F.3d 503, 507–08 (2d Cir. 2006). "The IDEA requires that an IEP be 'reasonably calculated to enable the child to receive educational benefits.'" *R.E. v. N.Y.C. Dep't of Educ.*,

2

694 F.3d 167, 175 (2d Cir. 2012) (quoting *Bd. of Educ. V. Rowley*, 458 U.S. 176, 207 (1982)). In New York City, the DOE creates an IEP through a Committee on Special Education ("CSE"). *See* N.Y. Educ. L. § 4402(1)(b)(1). The CSE "must examine the student's level of achievement and specific needs and determine an appropriate educational program." *R.E.*, 694 F.3d at 175.

"If a parent believes that his child's IEP does not comply with the IDEA, the parent may file a 'due process complaint.'" *Id.* (citing 20 U.S.C. § 1415(b)(6)). The due process complaint is heard by an Impartial Hearing Officer ("IHO"), whose decision may be appealed in turn to a State Review Officer ("SRO"). *Id.* (citing N.Y. Educ. L. §§ 4404(1)–(2)). Once the SRO has rendered a decision, a party can "then bring a civil action in state or federal court to review the SRO's decision." *Id.* (citing 20 U.S.C. § 1415(i)(2)(A)).

"Any parent who thinks that the school district is failing to provide his or her child a FAPE may unilaterally enroll the child in a private school and seek tuition reimbursement from the school district." *Reyes v. N.Y.C. Dep't of Educ.*, 760 F.3d 211, 215 (2d Cir. 2014) (citing 20 U.S.C. § 1412(a)(10)(C)(ii)). "However, parents pursue this option at their financial risk: Reimbursement will be granted only if (1) the proposed IEP failed to provide the student with an appropriate public education; (2) the parent's private placement was appropriate to the child's needs; and (3) equitable considerations support the parent's claim." *Id.* These criteria

3

comprise the three-part '*Burlington/Carter*' test. *See Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359 (1985); *Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7 (1993).

## Background

The following facts are taken from the pleadings, the parties' Rule 56.1 statements, and the supporting documentation, including the certified administrative record. J.E., who was 14 years old during the 2018–19 school year, has been diagnosed with cerebral palsy and a seizure disorder, and is non-verbal and non-ambulatory, requiring assistance in all domains of mobility and activities of daily living.

During the 2017–18 school year, J.E. was a student at the private International Academy of Hope ("iHOPE"). In early 2018, the CSE met for an annual review to discuss J.E.'s IEP. At that meeting, the CSE recommended an IEP that changed J.E.'s disability classification from "traumatic brain injury" to "multiple disabilities," and recommended that he receive related services—such as occupational therapy, physical therapy, and speech therapy—in 40-minute sessions.

On July 9, 2018, Plaintiffs filed a Due Process Complaint ("DPC") alleging that with its recommended IEP the DOE had denied J.E. a FAPE. Plaintiffs alleged that the IEP was developed in a procedurally defective manner in that the DOE failed to hold the IEP meeting at a mutually agreeable time, in the absence of J.E.'s

4

parents and representatives from iHOPE. Plaintiffs also alleged the IEP was substantively defective in its classification of J.E.'s disability, the frequency and duration of services provided, and recommended student-to-teacher ratio. Plaintiffs sought payment of tuition to iBRAIN, transportation costs, and a reconvention of the annual review meeting for J.E.

On October 16, 2019, Impartial Hearing Officer ("IHO") Suzanne Carter found that the DOE had denied J.E. a FAPE because it had not recommended a transportation nurse accompany J.E. in transit, but had instead recommended only a paraprofessional do so. However, IHO Carter, analyzing the second and third prongs of the *Burlington/Carter* test, found that iBRAIN was not an appropriate placement for J.E. and that equitable considerations did not weigh in the parents' favor. She denied the request for iBRAIN tuition costs, while ordering transportation costs for J.E. to and from school to be paid at the prevailing DOE rate.

Both parties appealed IHO Carter's decision. On January 13, 2020, SRO Carol Hague dismissed Plaintiffs' cross-appeal and granted the DOE's appeal, finding that the DOE had not denied J.E. a FAPE for the 2018–19 school year. SRO Hague found that Plaintiffs had not raised the issue of the DOE's failure to recommend a transportation nurse, rather than a paraprofessional, in the DPC, nor had the DOE opened the door to the issue during the IHO proceeding. Thus, SRO

5

Hague found the issue of transportation accommodations to be outside the permissible scope of review and not a basis for finding the DOE had denied J.E. a FAPE. SRO Hague also rejected Plaintiffs' arguments as to other substantive and procedural defects in the IEP. Plaintiffs then filed this suit.

## Standard of Review

"Although the parties have styled their submissions as motions for summary judgment, 'the procedure is in substance an appeal from an administrative determination, not a summary judgment.'" *C.U. v. N.Y.C. Dep't of Educ.*, 23 F. Supp. 3d 210, 222 (S.D.N.Y. 2014) (quoting *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 83 n.3 (2d Cir. 2005)). "The standard of review 'requires a more critical appraisal of the agency determination than clear-error review but nevertheless falls well short of complete de novo review.'" *C.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014) (quoting *M.H.*, 685 F.3d at 244). A federal court should not "rubber stamp" administrative decisions and conclusions, *M.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 139 (2d Cir. 2013), but nevertheless must be "mindful that courts lack the 'specialized knowledge and educational expertise' possessed by state administrators, and therefore . . . defer to their well-reasoned opinions on issues of education policy." *J.D. v. N.Y.C. Dep't of Educ.*, 677 F. App'x 709, 711 (2d Cir. 2017) (summary order).

"Where the IHO and SRO disagree, reviewing courts are not entitled to adopt the conclusions of either state reviewer according to their own policy preferences or views of the evidence; courts must defer to the reasoned conclusions of the SRO as the final state administrative determination." *M.H.*, 685 F.3d at 246. Deference "is particularly appropriate" where the state administrative review "has been thorough and careful." *Mr. P. v. W. Hartford Bd. of Educ.*, 885 F.3d 735, 754 (2d Cir. 2019) (citing *M.H.*, 685 F.3d at 241). "However, where the SRO's determinations are insufficiently reasoned to merit deference, the courts should defer to the IHO's analysis." *C.F.*, 746 F.3d at 77 (citing *M.H.*, 685 F.3d at 246).

## Discussion

Plaintiffs' primary argument is that SRO Hague's decision regarding whether the DOE offered J.E. a FAPE was not well-reasoned; the Court thus owes it no deference, and should instead look to IHO Carter's decision as the basis for finding the DOE's IEP deficient.

### *Transportation Nurse*

The chief discrepancy between the decisions of the IHO and SRO concerns the issue of the transportation nurse. The IHO found the DOE's failure to recommend a transportation nurse to be grounds for concluding the DOE did not offer J.E. a FAPE, while the SRO found Plaintiffs had not raised this issue in their initial complaint, and thus it could not be a basis for finding the DOE failed to

7

offer a FAPE. Plaintiffs contend the SRO's explanation for finding the issue outside of the scope of review was not soundly reasoned.

In her decision, the SRO addressed this subject at length. *See* SRO Decision at 14–16, ECF No. 44-2. The SRO first correctly explained that under the IDEA and its implementing regulations, a party requesting an impartial hearing may not raise issues that were not raised in the due process complaint. *See id.* at 14. The IDEA and New York State education regulations are unambiguous on this point. *See* 20 U.S.C. § 1415(f)(3)(B) ("The party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that were not raised in [the due process complaint]."); 8 N.Y.C.R.R. § 200(j)(1)(ii) ("The party requesting the impartial due process hearing shall not be allowed to raise issues at the impartial due process hearing that were not raised in the [due process complaint] unless the other party agrees otherwise.").

The SRO then observed, again correctly, that the Plaintiffs' DPC contained no allegations concerning the DOE's failure to recommend a transportation nurse. *See* SRO Decision at 15. In the DPC, Plaintiffs alleged numerous substantive and procedural flaws, but none of these had anything to do with the DOE's recommendations concerning J.E.'s transportation or a transportation nurse. *See* DPC at 2–3, ECF No. 44-2. The SRO then reviewed the record of the proceedings before the IHO and concluded that the DOE had also not "opened the door" to the

8

IHO's consideration of the transportation nurse issue. *See* SRO Decision at 15–16. The SRO based this conclusion on the observation that Plaintiffs never mentioned the issue during the impartial hearing but raised it for the first time in their closing brief. *Id.* at 16. The DOE's only reference to J.E.'s transportation, the SRO also observed, was in "summarizing the overall program recommendation." *Id.*

The SRO thus demonstrated thorough and sound reasoning as to why the issue of the transportation nurse was outside the scope of the proceeding. Restricting the scope of review to issues raised in the DPC is important because the IDEA provides for a 30-day resolution period in which the DOE can fix deficiencies raised in the DPC without penalty. *See* 20 U.S.C. § 1415(f)(1)(B). "To permit [parties] to add a new claim after the resolution period has expired would allow them to sandbag the school district." *R.E.*, 694 F.3d at 187 n.4. The Court will thus defer to the SRO's conclusion, which was well-reasoned and supported by the record, that the issue of the transportation nurse could not be a basis for finding the DOE denied J.E. a FAPE.

*Other Alleged Substantial and Procedural Deficiencies*

Plaintiffs make several other arguments concerning alleged deficiencies with the DOE's IEP. Each of them are similarly unavailing because they were also thoroughly addressed by the SRO, whose reasonable determinations on these

9

specialized questions merit deference. Additionally, the decisions of the SRO and IHO are generally in accord on these subjects, unlike the transportation nurse issue.

Plaintiffs first argue that the DOE failed to offer a FAPE by recommending J.E. receive services in 40-minute sessions, rather than the 60-minute sessions he would receive at iBRAIN. Both the IHO and SRO rejected this contention, explaining at length their reasons for doing so. *See* IHO Decision at 11–12, ECF No. 44-2 (finding there was "no evidence [J.E.] would have regressed with the recommended 40-minute sessions" and explaining suitability of shorter sessions); SRO Decision at 25–32 (analyzing proposed related services and concluding "the IHO properly found that the recommended 40-minute sessions were sufficient to allow the student to receive educational benefit and that the student would not be able to sustain 60-minute sessions given his level of distractibility, limited mobility and inherent discomfort with the feeding tube").

Plaintiffs also contend that the DOE failed to offer a FAPE because its reclassification of J.E.'s disability as "multiple disabilities" rather than "traumatic brain injury" meant the proposed IEP was not adequately tailored to his needs. This contention, too, was considered at length and reasonably rejected by both the IHO and SRO. *See* IHO Decision at 8–11 (finding that "[m]ultiple disabilities is the better classification for Student when looking at his conditions in total rather than isolation"); SRO Decision at 22–24 (same). In any event, not only did both the

IHO and SRO find "multiple disabilities" the more appropriate classification, "a student's disability classification is generally immaterial in determining whether a FAPE was provided if the IEP otherwise sufficiently met the needs of the disabled student." *Polanco v. Porter*, No. 21-CV-10176, 2023 WL 2242764, at *6 (S.D.N.Y. Feb. 23, 2023), *aff'd*, No. 23-373 (2d Cir. May 10, 2024).

Finally, Plaintiffs argue that the DOE committed procedural violations that deprived J.E. of a FAPE by (1) not scheduling a meeting to discuss the IEP at a time mutually agreeable to Plaintiffs and (2) having the DOE school physician participate by phone rather than in person. With respect to the scheduling of the meeting, the SRO diligently reviewed the findings of the IHO, recounting the DOE's efforts to notify and accommodate Plaintiffs, including rescheduling the CSE meeting on at least one occasion. *See* SRO Decision at 18–21 (concluding that "the evidence shows that the parents requested several times to reschedule the CSE meetings and the CSE acknowledged and accommodated their requests").

Additionally, the SRO explained that "having the district physician participate by phone, absent a specific reason why the physician needed to attend the meeting in person, should have been sufficient to ensure the parents' ability to participate in the meeting[.]" SRO Decision at 21. Thus, both the IHO and SRO found the school physician's participation in the IEP meeting by telephone did not mean the DOE had failed to offer J.E. a FAPE. *See* IHO Decision at 6–7; SRO

11

Decision at 21–22; *see also S.A. ex rel. M.A.K. v. N.Y.C. Dep't of Educ.*, 12-CV-435, 2014 WL 1311761, at *9 (E.D.N.Y. Mar. 30, 2014) (collecting cases in which Second Circuit courts "have repeatedly found no IDEA violation where a CSE member participated telephonically in an IEP meeting").

On each of these points, the SRO's conclusions were sensibly reasoned and based on a thorough review of the record. While the Court will not simply "rubber stamp" the SRO's decision, "[d]eference is particularly appropriate when the state officer's review 'has been thorough and careful.'" *R.E.*, 694 F.3d at 184 (quoting *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998)). The Court will thus defer to the SRO, who is better equipped with the "specialized knowledge and experience necessary" to resolve these questions of education policy and affirm her finding that the DOE did not fail to offer J.E. a FAPE for the 2018–19 school year.

Because the Court affirms the SRO's finding that the DOE offered J.E. a FAPE, it need not consider the second or third prongs of the *Burlington/Carter* test: the appropriateness of iBRAIN as a unilateral placement, or whether the balance of equities favors reimbursing Plaintiffs.

## Conclusion

For the foregoing reasons, the Plaintiffs' motion for summary judgment is denied, and the Defendants' cross-motion for summary judgment is granted.

**SO ORDERED.**

                                                                            _/S/ Frederic Block_____
                                                                            FREDERIC BLOCK
                                                                            Senior United States District Judge

Brooklyn, New York
December 5, 2024